FILED
CLERK

2/16/2021 4:25 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

For Online Publication Only

MARIAFRANCESCA GIOIA,

                              Plaintiff,

                    -against-                                    **ORDER**
                                                                 20-CV-4014 (JMA) (SIL)

AP SINGH, MAIN ST. WINE AND LIQUORS,

                              Defendants.
-------------------------------------------------------------X

**AZRACK, United States District Judge:**

On August 31, 2020, pro se plaintiff Mariafrancesca Gioia ("Plaintiff") commenced this

action against AP Singh ("Singh") and Main Street Wine and Liquors ("Defendants") together

with an application to proceed in forma pauperis.   By Order dated October 29, 2020, the Court

denied plaintiff's application without prejudice and with leave to renew upon completion of the

AO 230 Long Form in forma pauperis application within twenty-one (21) days.   (See ECF No.

9.)   On November 6, 2020, plaintiff timely filed the Long Form.   (ECF No. 10.)   For the reasons

that follow, the renewed application to proceed in forma pauperis is granted.   However, the Court

sua sponte dismisses the complaint for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

## I.  BACKGROUND[1]

Plaintiff's sparse complaint is submitted on the Court's general complaint form and is brief.

(See ECF No. 1.)[2]   Plaintiff did not check either of the boxes on the form to indicate the basis for

federal court jurisdiction.   See Compl. ¶ II.   However, in the space that asks for the "specific

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order.   See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (stating in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).   Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, or grammar have not been corrected or noted.

[2] Plaintiff has also annexed several attachments to her complaint, including a "Complaint Letter," a "Letter of Intent to Sue," a "Memorandum of Law," and a "Statutory Declaration."   (See Compl. at 9-10, 12,-13, 15-16, 19-20.) These documents repeat the allegations included in the complaint.

federal statutes, federal treaties, and/or provision of the United States Constitution that are at issue in this case," Plaintiff has responded: "Business and commerce professionality sexual disparity and rudeness unclaimed tips deprivations/denial/stolen."   (Id. ¶ II.A.)   Plaintiff has also completed the section relating to diversity of citizenship and alleges that she, Singh, and Main Street Wine and Liquors are all citizens of New York.   (Id. ¶ II. B. 1-2.)   Plaintiff also alleges that the amount in controversy is $75,000.   (Id. ¶ II. B. 3.)   In its entirety, Plaintiff's Statement of Claim alleges:

> AP Singh of Main St Wine and Liquors blatantly steals Post-Mates delivery driver tips & provides no pay or claimencees/dependents while claiming to be using Doordash and making the deliveries himself.   The customer clearly puts delivery driver tips but in the system of Post-Mates he just puts in tax (lying/fraud) like $7-20 (50).   When confronted multiple times about this issue he withstood an unwelcome strange sexual and rude tone.   Very disrespectful and unprofessional as we did his deliveries for free.   Plus a bit PTSD people like that can run a business and cheat the system and [indecipherable].

(Id. ¶ III.)   For relief, plaintiff seeks $75,000 for "tax fraud/employee usage/sexual harassment/stealing delivery driver tips."   (Id. ¶¶ IV.)

## II.  DISCUSSION

### A.  In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of her application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.   28 U.S.C. § 1915(a)(1).   Therefore, Plaintiff's application to proceed in forma pauperis is granted.

### B.  Standard of Review

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519,

520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).   In addition, the court is required to read Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has long held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, even a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

### C.  Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against each defendant named so that they have adequate notice of the claims against them.   FED. R. CIV. P. 8(a)(2), see Iqbal, 556 U.S. at 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-

3

me accusation").   The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of <u>res judicata</u> is applicable."   <u>Powell v. Marine Midland Bank</u>, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted).   A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. <u>Id.</u> (internal citations and alterations omitted).   A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."   <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988).

Here, as is readily apparent, Plaintiff's complaint falls well short of the required pleading standard.   Plaintiff's vague and sparse submission makes it impossible to determine the basis for her claims.   Insofar as Plaintiff seeks to pursue state law claims by invoking this Court's diversity jurisdiction, the Court lacks such jurisdiction given Plaintiff's allegations that all of the parties are citizens of New York and the amount in controversy does not exceed $75,000.   <u>See</u> Compl. ¶ II. B. 1-3; <u>see</u> <u>also</u> 28 U.S.C. § 1332.   Nor does plaintiff provide a basis to invoke this Court's federal question jurisdiction.   <u>See</u> Compl. ¶ II.A.   Though far from clear, to the extent that Plaintiff seeks to pursue an employment discrimination claim based on gender discrimination or sexual harassment, her conclusory allegations of "sexual disparity" and "an unwelcome strange sexual and rude tone" are insufficient to satisfy Rule 8's requirements.   (Compl. ¶¶ II.A., III.) Moreover, to the extent Plaintiff seeks to hold Singh liable for employment discrimination under Title VII, such claim would fail as a matter of law because "Title VII does not impose liability on individuals."   <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1317 (2d Cir. 1995); <u>see</u> <u>also</u> <u>Lore v. City of Syracuse</u>, 670 F.3d 127, 169 (2d Cir. 2012).   For these reasons, Plaintiff's complaint is dismissed

4

without prejudice.

**D. Leave to Amend**

A pro se Plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, in an abundance of caution, the Court grants Plaintiff thirty (30) days to amend her complaint to properly state a claim. Should Plaintiff choose to file an amended complaint, the amended complaint must allege facts in support of her claims and should not rely on documents annexed to her submission in lieu of allegations. Further, "[t]o make out a prima facie case of employment discrimination under Title VII, the [p]laintiff must demonstrate that she (1) was within a protected class, (2) was qualified for the position at issue, (3) was subject to an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." Macpherson v. Eversource Energy Serv. Corp., 19-CV-01569, 2020 WL 6263178, at *4 (D. Conn. Oct. 23, 2020) (citing Naumovski v. Norris, 934 F.3d 200, 214 n. 39 (2d Cir. 2019) (setting out the familiar McDonnell Douglas framework)).

Plaintiff is advised that an amended complaint replaces the original complaint in its entirety and therefore must include the basis for this Court's jurisdiction as well as all relevant claims and factual allegations giving rise to such claims. The amended complaint must be captioned as "Amended Complaint" and bear the same docket number as this Order: 20-CV-4014 (JMA)(SIL).

If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under FED. R. CIV. P. 8 and 28 U.S.C. § 1915. Should Plaintiff prepare an amended complaint, she should carefully consider this Order and amend her claims accordingly.

If Plaintiff again fails to plead sufficient facts in her amended complaint, or if she fails to file an amended complaint within thirty (30) days, she will not have another opportunity to re-plead, and the Court will enter judgment.   Alternatively, Plaintiff may pursue any valid claims she may have against Defendants under state law in state court.

### III.   CONCLUSION

For the forgoing reasons, the complaint is sua sponte dismissed without prejudice for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for noncompliance with Federal Rule of Civil Procedure 8.   The Court grants Plaintiff thirty (30) days to amend her complaint to properly state a claim.   If Plaintiff again fails to plead sufficient facts in her amended complaint, or if she fails to file an amended complaint within thirty (30) days, she will not have another opportunity to re-plead, and the Court will enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to Plaintiff at her address of record.

**SO ORDERED.**

Dated:   February 16, 2021
          Central Islip, New York

                                              _____/s/ (JMA)_____
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE